# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETTE MORTON,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRINITY SERVICES GROUP, INC., et al.,<br><br>        Defendants. | Case No.: 1:19-CV-01549 DAD JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 19) |

        The parties have stipulated to amend the case schedule. They say only that they agree to amend the schedule, that the COVID-19 pandemic has caused delays in conducting discovery[1], that they have discovered a need for additional discovery, and they would like to explore participating in mediation. (Doc. 19 at 2) The stipulation is DENIED.

        Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc</u>., 975 F.2d 604, 610 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

---

[1] The Court recalls that they mentioned these delays back in May after which the Court urged them to accept that the COVID-19 pandemic required them to take a different approach to discovery and, despite the pandemic, investigate alternative methods so they could meet the deadlines set forth in the case schedule. (Doc. 16)

> extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

The stipulation fails to detail any of the discovery conducted or that which remains to be done. Second, they fail to describe the circumstances leading to their discovery of the need to conduct further investigation of the matter, when they made this discovery or why they could not have discovered it earlier. The scheduling order also reads, "**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested**." Id. at 8, emphasis in the original. Thus, they have not demonstrated good cause to amend the case schedule.

The Court notes also that one deadline they seek to amend lapsed weeks ago. Another will lapse in three weeks. The scheduling order warns against attempting to amend case deadlines close to their expiration. The order reads, "<u>**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend**</u>." (Doc. 11 at 4, emphasis in the original.) The position of counsel that they can extend a deadline after it has passed is unsupported by legal authority.

///
///
///
///
///
///
///
///

The parties also fail to demonstrate why the possible desire to settle the case is a situation that they could not have anticipated at the time when the Court scheduled the case. Notably, in part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. Moreover, four months ago, the Court reminded the parties "of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 16) It appears they did not take this reminder to heart. In any event, because the stipulation utterly fails to demonstrate good cause to amend the case schedule, it is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 1, 2020**           /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE